UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CITY OF ST. CLAIR SHORES POLICE AND FIRE RETIREMENT SYSTEM , on Behalf of Itself and All Others Similarly Situated,

Plaintiff,

vs.

GILDAN ACTIVEWEAR, INC., GLENN J. CHAMANDY and LAURENCE G. SELLYN,

Defendants.

---

: Civil Action No. 1:08-cv-05048-HB

---

THE POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, on Behalf of Itself and All Others Similarly Situated,

Plaintiff,

vs.

GILDAN ACTIVEWEAR, INC., LAURENCE G. SELLYN, and GLENN J. CHAMANDY,

Defendants.

---

: Civil Action No. 1:08-cv-05717-UA

```
                                              x
ALEJANDRO ALEGRE, on Behalf of Himself :      Civil Action No. 1:08-cv-6144-HB
and All Others Similarly Situated,           :
                                             :
                   Plaintiff,                :
                                             :
        vs.                                  :
                                             :
                                             :
GILDAN ACTIVEWEAR, INC., GLENN J.            :
CHAMANDY and LAURENCE G. SELLYN,             :
                                             :
                   Defendants.               :
                                             :
                                              x
```

## NOTICE OF THE POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT'S FILING OF MOTION TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

TO: THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

The Police and Fire Retirement System of the City of Detroit ("City if Detroit") hereby informs the Court, all parties, and their counsel of record that the City of Detroit filed on August 1, 2008 in the action entitled *The Police and Fire Retirement System of the City of Detroit et al. v. Gildan Activewear Inc. et al.*, No. 08-5717-UA, a motion for an order: (i) consolidating the above-captioned related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (ii) appointing City of Detroit as lead plaintiff in the consolidated action pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4; (iii) approving City of Detroit's selection of the law firm of Scott + Scott LLP to serve as lead counsel for the class

pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v); and (iv) granting such other and additional relief as the Court may deem just and proper.

The motion is made on the grounds that City of Detroit timely filed its motion, suffered significant financial losses resulting from defendants' alleged misconduct and qualifies as a "most adequate plaintiff" under §21D of the Exchange Act. Moreover, City of Detroit meets the requirements of Rule 23 of the Federal Rules of Civil Procedure for the purposes of its Motion in that its claims are typical of the other class members' claims and it will fairly and adequately represent the Class.

In support of its motion, City of Detroit submitted the Notice of Motion, Memorandum of Law, [Proposed] Order, and Declaration attached hereto as Exhibit A.

DATED: August 4, 2008                    Respectfully submitted,

                                         SCOTT + SCOTT, LLP


                                         /s/ David R. Scott
                                         _____
                                         DAVID R. SCOTT (DS 8053)
                                         108 Norwich Avenue
                                         P.O. Box 192
                                         Colchester, CT 06415
                                         Tel: 860/537-5537
                                         Fax: 860/537-4432
                                         Email: drscott@scott-scott.com

SCOTT + SCOTT, LLP
BETH KASWAN
29 West 57th Street
New York, NY  10019
Tel: 212/223-6444
Fax: 212/223-6334
Email: bkaswan@scott-scott.com

Proposed Lead Counsel

Attorneys for Police and Fire Retirement System of
the City of Detroit

## <u>CERTIFICATE OF SERVICE</u>

I, David R. Scott, hereby certify that a copy of the foregoing was served on all parties on August 4, 2008 via the Court's ECF system.

<u>/s/ David R. Scott</u>

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
CITY OF ST. CLAIR SHORES POLICE AND :   Civil Action No. 1:08-cv-05048-HB
FIRE RETIREMENT SYSTEM , on Behalf of :
Itself and All Others Similarly Situated,    :
    :
             Plaintiff,    :
    :
    vs.    :
    :
    :
GILDAN ACTIVEWEAR, INC., GLENN J.  :
CHAMANDY and LAURENCE G. SELLYN,  :
    :
           Defendants.    :
    :
———————————————————— x

———————————————————— x
THE POLICE AND FIRE RETIREMENT    :   Civil Action No. 1:08-cv-05717-UA
SYSTEM OF THE CITY OF DETROIT, on  :
Behalf of Itself and All Others Similarly  :
Situated,    :
    :
             Plaintiff,    :
    :
    vs.    :
    :
    :
GILDAN ACTIVEWEAR, INC., LAURENCE  :
G. SELLYN, and GLENN J. CHAMANDY,  :
    :
           Defendants.    :
    :
———————————————————— x

```
                                              x
ALEJANDRO ALEGRE, on Behalf of Himself :      Civil Action No. 1:08-cv-01644-HB
and All Others Similarly Situated,            :
                                              :
                          Plaintiff,          :
                                              :
            vs.                               :
                                              :
                                              :
GILDAN ACTIVEWEAR, INC., GLENN J.             :
CHAMANDY and LAURENCE G. SELLYN,              :
                                              :
                          Defendants.         :
                                              :
                                              x
```

### NOTICE AND MOTION OF THE POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

PLEASE TAKE NOTICE that Institutional Investor class member and lead plaintiff movant Police and Fire Retirement System of the City of Detroit ("City of Detroit" or "Movant"), by and through its counsel, will move this Court on a date and at such time as may be designated by the Court, at 500 Pearl Street, New York, New York, for an order, submitted herewith: (i) consolidating the above-captioned related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (ii) appointing City of Detroit as lead plaintiff in the consolidated action pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4; (iii) approving City of Detroit's selection of the law firm of Scott + Scott LLP to serve as lead counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v); and (iv) granting such other and additional relief as the Court may deem just and proper.

This motion is made on the grounds that City of Detroit has timely filed this motion, suffered significant financial losses resulting from defendants' alleged misconduct and qualifies as a "most adequate plaintiff" under §21D of the Exchange Act.

In support of this motion, City of Detroit submits herewith a memorandum of law, the declaration of David R. Scott, the pleadings and other files herein and such other written or oral arguments as may be permitted by the Court at the hearing of this motion.

DATED:  August 1, 2008                    Respectfully submitted,

                                          SCOTT + SCOTT, LLP


                                          /s/ David R. Scott
                                          _____
                                          DAVID R. SCOTT (DS 8053)
                                          108 Norwich Avenue
                                          P.O. Box 192
                                          Colchester, CT 06415
                                          Tel: 860/537-5537
                                          Fax: 860/537-4432
                                          Email: drscott@scott-scott.com


                                          SCOTT + SCOTT, LLP
                                          BETH KASWAN
                                          29 West 57th Street
                                          New York, NY  10019
                                          Tel: 212/223-6444
                                          Fax: 212/223-6334
                                          Email: bkaswan@scott-scott.com

                                          **Proposed Lead Counsel**

                                          **Attorneys for Police and Fire Retirement System
                                          of the City of Detroit**

**<u>CERTIFICATE OF SERVICE</u>**

I, David R. Scott, hereby certify that a copy of the foregoing was served on all parties on

August 1, 2008 via the Court's ECF system.


<u>/s/ David R. Scott</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————— x
CITY OF ST. CLAIR SHORES POLICE AND :   Civil Action No. 1:08-cv-05048-HB
FIRE RETIREMENT SYSTEM , on Behalf of :
Itself and All Others Similarly Situated, :
                                :
                 Plaintiff, :
                                :
     vs. :
                                  :
                                :
GILDAN ACTIVEWEAR, INC., GLENN J. :
CHAMANDY and LAURENCE G. SELLYN, :
                                :
            Defendants. :
————————————————————— x

————————————————————— x
THE POLICE AND FIRE RETIREMENT :   Civil Action No. 1:08-cv-05717-UA
SYSTEM OF THE CITY OF DETROIT, on :
Behalf of Itself and All Others Similarly :
Situated, :
                                :
                 Plaintiff, :
                                :
     vs. :
                                :
GILDAN ACTIVEWEAR, INC., LAURENCE :
G. SELLYN, and GLENN J. CHAMANDY, :
                                :
            Defendants. :
————————————————————— x

```
                                              x
ALEJANDRO ALEGRE, on Behalf of Himself :      Civil Action No. 1:08-cv-01644-HB
and All Others Similarly Situated,        :
                                          :
                        Plaintiff,        :
                                          :
           vs.                            :
                                          :
                                          :
GILDAN ACTIVEWEAR, INC., GLENN J.         :
CHAMANDY and LAURENCE G. SELLYN,          :
                                          :
                        Defendants.       :
                                          :
                                              x
```

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

Institutional Investor class member and lead plaintiff movant Police and Fire Retirement System of the City of Detroit ("City of Detroit" or "Movant"), respectfully submits this memorandum of law in support of its motion for: (i) consolidation of the above-captioned related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (ii) appointment of the City of Detroit as lead plaintiff in the consolidated action pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4; (iii) approval of the City of Detroit's selection of the law firm of Scott + Scott LLP to serve as lead counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v); and (iv) granting such other and additional relief as the Court may deem just and proper.

## I.      INTRODUCTION

Presently pending before this Court are three related securities class action lawsuits (the "Actions") brought on behalf of all persons who purchased or otherwise acquired the common stock of Gildan Activewear Inc. ("Gildan" or the "Company"), between August 2, 2007, and April 29, 2008, inclusive (the "Class Period"), and were damaged thereby.  These related investor class actions are captioned as follows:

| Case Caption | Date Filed |
|:---:|:---:|
| *City of St. Clair Shores Police and Fire Retirement System v. Gildan Activewear Inc., et al.*, 08-cv-05048-HB | June 2, 2008 |
| *The Police and Fire Retirement System of the City of Detroit et al. v. Gildan Activewear Inc., et al.*, 08-cv-05717-UA | June 25, 2008 |
| *Alegre v. Gildan Activewear Inc., et al.*, 08-cv-06144-HB | July 3, 2008 |

These Actions are all brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Pursuant to the PSLRA, prior to selecting a lead plaintiff, the court must decide whether to consolidate the actions. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As soon as practicable after its decision on consolidation, the court is to appoint as lead plaintiff the movant with the largest financial interest in the litigation that otherwise satisfies the requirements of Rule 42(a) of the Federal Rules of Civil Procedure. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

Here, the Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a). Moreover, the City of Detroit should be appointed as lead plaintiff because: (1) this motion is timely filed; (2) to the best of its knowledge, the City of Detroit possesses the largest financial interest in this litigation; and (3)

the City of Detroit will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Finally, the City of Detroit's selection of the law firm of Scott + Scott LLP ("Scott + Scott") to serve as lead counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND [1]

This is a securities class action brought on behalf of all persons or entities, except for defendants, who purchased or otherwise acquired the common stock of Gildan Activewear during the Class Period between August 2, 2007 and April 29, 2008, against Gildan and certain of its officers and/or directors for violations of the Exchange Act.

Gildan is a Montreal-based company that manufactures blank tee-shirts and sweatshirts which are sold under the Gildan brand at wholesale and ultimately screen-printed with designs and logos for consumer use.  Gildan's products are also used as work uniforms and similar applications to convey individual, group, and team identity.  The Company sells its products to wholesale distributors worldwide.

During the Class Period, defendants allegedly issued a series of materially false and misleading statements concerning Gildan's financial performance and prospects, causing Gildan's stock price to become artificially inflated.  Specifically, the complaint alleges that Class Period statements by defendants were materially false and misleading because defendants failed to disclose and/or misrepresented: (i) that sales of Gildan's activewear were performing below internal expectations as a result of a shortfall in production from its Dominican Republic textile facility; (ii) that Gildan was failing to timely write down an impairment in the value of its

---

[1]     These facts are derived from the allegations contained in the complaint captioned *The Police and Fire Retirement System of the City of Detroit, et al. v. Gildan Activewear Inc., et al.*, 08-cv-05717-UA (S.D.N.Y.), filed June 25, 2008.

inventories, thereby materially overstating its financial results; and (iii) as a result of the foregoing, defendants had no reasonable basis for their earnings guidance for fiscal 2008 and other positive statements about the Company and its business.

The truth was finally revealed to investors on April 29, 2008, when Gildan issued a press release announcing that it was reducing its earnings per share guidance for the second quarter and full year of fiscal 2008.  Prior to this stunning announcement, defendants had assured the investing public that Gildan's financial performance and prospects were strong.  Upon this news that Gildan was actually reducing earnings per share guidance, shares of the Company's stock fell $10.99 per share, or 30%, to close at $24.93 per share, on heavy trading volume, causing significant harm to Gildan investors.

### III. ARGUMENT

**A.    The Actions Should Be Consolidated for All Purposes**

The PSLRA provides that "if more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).  Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

In determining the propriety of consolidation under Fed. R. Civ. P. 42(a), district courts have broad discretion, and generally favor the view that considerations of judicial economy favor consolidation. *In re Orion Sec. Litig.*, No. 08 Civ. 1328, 2008 WL 2811358, at *2 (S.D.N.Y. July 8, 2008). Indeed, many district courts have noted that consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports and defendants will not be prejudiced. *Id.*; *see also Ferrari v. Impath, Inc.*, No. 03

Civ. 5667, 2004 WL 1637053, at *2 (quoting *Mitchell v. Complete Mgmt., Inc.*, 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999)); *Manual for Complex Litigation* § 11.631 (2004).

The complaints in the present Actions all relate to Gildan common stock and each alleges the same fraud with respect to the same or substantially the same conduct. All of the documents to be reviewed and the testimony to be taken in each Action relate to this fraudulent scheme by defendants and are identical as to all Actions. Therefore, consolidation is appropriate here and is in the interest of judicial efficiency and economy.

**B.     Movant Satisfies the Lead Plaintiff Requirements of the Exchange Act and Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure governing the appointment of a lead plaintiff in private actions arising under the Exchange Act were that brought as class actions pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(1)-(3)(B)(ii). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice"). 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the relevant Early Notice was published in *Business Wire* on June 2, 2008. *See* Declaration of David R. Scott ("Scott Decl."), Ex. A. Within 60 days after publication of the notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)-(B);  *see also Weiss v. Friedman, Billings, Ramsey Group, Inc.*, No. 05 Civ. 04617, 2006 WL 197036, at *2 (S.D.N.Y. Jan. 25, 2006).

Second, the PSLRA provides that within 90 days after publication of the Early Notice the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately

representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). Under this Exchange Act provision, the Court "shall" appoint the "most adequate plaintiff" to serve as lead plaintiff. *Freudenberg v. E\*Trade Fin. Corp.*, No. 07 Civ. 8538, 2008 WL 2876373, at \*3 (S.D.N.Y. July 16, 2008). The Exchange Act provides that the Court is to presume the "most adequate plaintiff" to be the class member plaintiff who: (1) has either filed a complaint or moved for lead plaintiff in response to a notice; (2) "has the largest financial interest in the relief sought;" and (3) satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also Olsen v. New York Community Bancorp, Inc.*, 233 F.R.D. 101, 105 (E.D.N.Y. 2005).

### 1. The City of Detroit Has Timely Moved for Appointment as Lead Plaintiff

All class members who are interested in moving for appointment as lead plaintiff in this matter must have done so within 60 days of the initial publication of the Early Notice on June 2, 2008. 15 U.S.C. §78u-4(a)(3)(A)-(B). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required June 2nd Early Notice, the City of Detroit hereby timely moves this Court to be appointed lead plaintiff on behalf of all members of the class. The City of Detroit also has duly signed and filed a certification stating its willingness to serve as a representative party on behalf of the class. *See* Scott Decl., Ex. B.

### 2. The City of Detroit Has the Requisite Financial Interest in the Relief Sought By the Class

During the Class Period, the City of Detroit purchased 29,500 shares of Gildan common stock and lost more than $329,217 as a result thereof.[2] *See* Scott Decl., Ex. C. Movant is not

---

[2] The total potential recoverable losses suffered by lead plaintiff movants are not the same as their legally compensable damages, measurement of which is often a complex legal question that cannot be determined at this stage of the litigation. The approximate losses, however, can be determined from the certification requirement under

aware of any other lead plaintiff applicant with a larger financial interest in the litigation. Because the City of Detroit has a substantial financial interest and, as discussed below, otherwise satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff in this action, it should be appointed lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

> **3.    Congress Expressly Envisioned that Institutional Investors Like the City of Detroit Would Be Appointed as Lead Plaintiffs in Securities Fraud Actions Like This**

Congress reasoned that increasing the role of larger investors, like the City of Detroit, which typically have a larger financial stake in the outcome of the litigation, would be beneficial because investors with a large financial stake are more apt to effectively manage complex securities litigation.  *See* Conference Report on the Private Securities Litigation Reform Act of 1995, H.R. Rep. No. 104-369, at 34 (1995) reprinted in 1995 U.S.C.C.A.N. 697, 733.  ("[C]lass members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.")  Indeed, courts have found that the appointment of institutional investors is consistent with the legislative intent of the PSLRA.  *In re eSpeed Sec. Litig.*, 232 F.R.D. 95, 99-100 & n. 23 (S.D.N.Y. 2005) ("the PSLRA reflects a preference on the part of the Congress that passed it that institutional investors are the most desirable lead plaintiffs");  *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 311 (S.D.N.Y. 2001) (as an institutional investor, the proposed lead plaintiff "closely fits the profile of the kind of lead plaintiff Congress had in mind when it enacted the Reform Act").

---

Section 21D of the Exchange Act, 15 U.S.C. §78u-4(a)(2)(A) and based upon reference to information concerning the current market for the Company's shares.

Here, the City of Detroit, a sophisticated institutional investor with the largest financial stake in this litigation, is precisely the type of Lead Plaintiff envisioned by Congress and, therefore, should be appointed as such.

4.    **The City of Detroit Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure**

According to 15 U.S.C. §78u-4(a)(3)(B), the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of the four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative. *Olsen*, 233 F.R.D. at 108. Consequently, in deciding a motion to serve as lead plaintiff, the Court need only inquire into the typicality and adequacy of the proposed lead plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc*., 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. LaBranche & Co., Inc*., 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("the claims of the class representatives need not be identical to the claims of the class to

9

satisfy typicality"); *In re Crayfish Co. Sec. Litig.*, 2002 U.S. Dist. LEXIS 10134, at *15 (S.D.N.Y. June 6, 2002).

The City of Detroit satisfies this requirement because, like all other class members, it: (1) purchased or acquired Gildan securities during the Class Period; (2) purchased or acquired Gildan securities in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, the City of Detroit's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same conduct and course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry of a movant's adequacy to represent the class to the following: (a) the absence of potential conflict between the named plaintiffs and the class member; (b) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation; and (c) the class has a sufficient interest to ensure vigorous adequacy. *Weltz v. Lee,* 199 F.R.D. 129, 133 (S.D.N.Y. 2001).

Here, the City of Detroit is clearly "adequate" because its interests are aligned with the interests of the class and because both suffered from the same artificial inflation of the price of Gildan common stock and would benefit from the same relief. Additionally, the City of Detroit is represented by Scott + Scott, a firm with significant securities fraud litigation experience that is more than adequately equipped and informed in this action to proceed as a class representative and lead plaintiff. Moreover, there is no evidence of antagonism between the City of Detroit and the class. Finally, as shown below, the City of Detroit's proposed lead counsel for the class, Scott + Scott, is highly qualified, experienced and able to conduct this complex litigation in a

professional manner.  Therefore, the City of Detroit *prima facie* satisfies all of the requirements of Rule 23 for the purposes of this Motion.

        **C.**      **The Court Should Approve the City of Detroit's Selection of Counsel**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent.  In that regard, the City of Detroit has selected Scott + Scott to serve as lead counsel.  Scott + Scott is a firm with substantial experience in the prosecution of shareholder and securities class actions and possesses the resources necessary to efficiently conduct this litigation.  *See* Scott Decl., Ex. D. Accordingly, the Court should approve Movant's selection of counsel.

## IV.  CONCLUSION

For all the foregoing reasons, the City of Detroit respectfully requests that the Court: (1) consolidate all related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (2) appoint the City of Detroit as lead plaintiff in the consolidated action; (3) approve the City of Detroit's selection of Scott + Scott to serve as lead counsel for the class, and (4) order such other relief as the Court may deem just and proper.

DATED:  August 1, 2008                Respectfully submitted,

                                        SCOTT + SCOTT, LLP

                                        /s/ David R. Scott
                                        DAVID R. SCOTT (DS 8053)
                                        108 Norwich Avenue
                                        P.O. Box 192
                                        Colchester, CT 06415
                                        Tel: 860/537-5537
                                        Fax: 860/537-4432
                                        Email: drscott@scott-scott.com

SCOTT + SCOTT, LLP
BETH KASWAN
29 West 57th Street
New York, NY  10019
Tel: 212/223-6444
Fax: 212/223-6334
Email: bkaswan@scott-scott.com

**Proposed Lead Counsel**

**Attorneys for Police and Fire Retirement System
of the City of Detroit**

## <u>CERTIFICATE OF SERVICE</u>

I, David R. Scott, hereby certify that a copy of the foregoing was served on all parties on August 1, 2008 via the Court's ECF system.

<u>/s/ David R. Scott</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————— x
CITY OF ST. CLAIR SHORES POLICE AND :   Civil Action No. 1:08-cv-05048-HB
FIRE RETIREMENT SYSTEM , on Behalf of :
Itself and All Others Similarly Situated, :
                             :
            Plaintiff, :
                             :
     vs. :
                             :
GILDAN ACTIVEWEAR, INC., GLENN J. :
CHAMANDY and LAURENCE G. SELLYN, :
                             :
           Defendants. :
—————————————————— x

—————————————————— x
THE POLICE AND FIRE RETIREMENT :   Civil Action No. 1:08-cv-05717-UA
SYSTEM OF THE CITY OF DETROIT, on :
Behalf of Itself and All Others Similarly :
Situated, :
                             :
            Plaintiff, :
                             :
     vs. :
                             :
GILDAN ACTIVEWEAR, INC., LAURENCE :
G. SELLYN, and GLENN J. CHAMANDY, :
                             :
           Defendants. :
—————————————————— x

```
                                              x
ALEJANDRO ALEGRE, on Behalf of Himself :      Civil Action No. 1:08-cv-01644-HB
and All Others Similarly Situated,            :
                                              :
                    Plaintiff,                :
                                              :
        vs.                                   :
                                              :
                                              :
GILDAN ACTIVEWEAR, INC., GLENN J.             :
CHAMANDY and LAURENCE G. SELLYN,              :
                                              :
                    Defendants.               :
                                              :
                                              x
```

## [PROPOSED] ORDER

Having considered the Motion of the Police and Fire Retirement System of the City of Detroit ("Movant") for Consolidation, Appointment as Lead Plaintiff pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 and to Approve Lead Plaintiff's Choice of Counsel, and for good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1.      Movant's Motion is GRANTED.

2.      Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, all related actions are consolidated.

3.      Pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), Movant is appointed Lead Plaintiff in the consolidated action; and

4.      Movant's selection of Lead and Liaison Counsel is approved.   Pursuant to §21D(a)(3)(B)(v) of the Exchange Act, Scott & Scott LLP is appointed Lead Counsel.

2

5.      The law firm of Scott + Scott LLP, as lead counsel, shall provide general supervision of the activities of plaintiffs' counsel and shall have the following responsibilities and duties to perform or delegate as appropriate:

a.  To brief and argue motions;

b.  To initiate and conduct discovery, including, without limitation, coordination of discovery with defendants' counsel and the preparation of written interrogatories, requests for admissions and requests for production of documents;

c.  To direct and coordinate the examination of witnesses in depositions;

d.  To act as spokesperson at pretrial conferences;

e.  To call and chair meeting of plaintiffs' counsel as appropriate or necessary from time to time;

f.  To initiate and conduct settlement negotiations with counsel for defendants;

g.  To provide general coordination of the activities of plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

h.  To consult with and employ experts;

i.  To receive and review periodic time reports of all attorneys on behalf of plaintiffs and to determine if the time is being spent appropriately and for the benefit of plaintiffs; and

       j.   To perform such other duties as may be expressly authorized by further order of this Court.

IT IS SO ORDERED.


DATED: _____            _____

                                               UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

CITY OF ST. CLAIR SHORES POLICE AND  :   Civil Action No. 1:08-cv-05048-HB
FIRE RETIREMENT SYSTEM , on Behalf of  :
Itself and All Others Similarly Situated,  :
  :
            Plaintiff,  :
  :
     vs.  :
  :
  :
GILDAN ACTIVEWEAR, INC., GLENN J.  :
CHAMANDY and LAURENCE G. SELLYN,  :
  :
           Defendants.  :
  :
———————————————————————— x

———————————————————————— x

THE POLICE AND FIRE RETIREMENT  :   Civil Action No. 1:08-cv-05717-UA
SYSTEM OF THE CITY OF DETROIT, on  :
Behalf of Itself and All Others Similarly  :
Situated,  :
  :
            Plaintiff,  :
  :
     vs.  :
  :
  :
GILDAN ACTIVEWEAR, INC., LAURENCE  :
G. SELLYN, and GLENN J. CHAMANDY,  :
  :
           Defendants.  :
  :
———————————————————————— x

```
                                                    x
ALEJANDRO ALEGRE, on Behalf of Himself :    Civil Action No. 1:08-cv-01644-HB
and All Others Similarly Situated,          :
                                            :
                        Plaintiff,          :
                                            :
            vs.                             :
                                            :
                                            :
GILDAN ACTIVEWEAR, INC., GLENN J.           :
CHAMANDY and LAURENCE G. SELLYN,            :
                                            :
                        Defendants.         :
                                            :
                                                    x
```

**DECLARATION OF DAVID R. SCOTT IN SUPPORT OF NOTICE AND MOTION OF
THE POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT TO
CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND FOR
APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

I, David R. Scott, swear as follows:

1.      I am a partner with the law firm of Scott + Scott LLP, counsel for lead plaintiff

movant and class member Police and Fire Retirement System of the City of Detroit ("Movant").

I make this declaration in support of Movant's Motion for Consolidation, Appointment as Lead

Plaintiff and Approval of Selection of Counsel.  I have personal knowledge of the matters stated

herein and, if called upon, I could and would competently testify thereto.

2.      Attached are true and correct copies of the following exhibits:

        Exhibit A: Early Notice Published in *Business Wire* on June 2, 2008

        Exhibit B: Movant's Plaintiff Certification

        Exhibit C: Movant's Loss Chart

        Exhibit D: Firm Resume of Scott + Scott LLP

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of August, 2008, at Colchester, CT

/s/ David R. Scott
DAVID R. SCOTT

## <u>CERTIFICATE OF SERVICE</u>

I, David R. Scott, hereby certify that a copy of the foregoing was served on all parties on August 1, 2008 via the Court's ECF system.

<u>/s/ David R. Scott</u>

4

# EXHIBIT A

 

Yahoo!  My Yahoo!  Mail    Make Y! your home page                      Search:                                    Web Search

YAHOO! FINANCE    Welcome, davidgoldb2003    Finance Home - Help
[Sign Out, My Account]                                                        Business Wire

   

GET QUOTES    Finance Search

**Press Release**                        Source: Coughlin Stoia Geller Rudman & Robbins LLP

# Coughlin Stoia Geller Rudman & Robbins LLP Files Class Action Suit against Gildan Activewear Inc.

Monday June 2, 5:40 pm ET

NEW YORK--(BUSINESS WIRE)--Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") (http://www.csgrr.com/cases/gildan/) today announced that a class action has been commenced on behalf of an institutional investor in the United States District Court for the Southern District of New York on behalf of purchasers of Gildan Activewear Inc. ("Gildan" or the "Company") (NYSE:GIL - News) common stock during the period between August 2, 2007 and April 29, 2008 (the "Class Period").



If you wish to serve as lead plaintiff, you must move the Court no later than 60 days from today. If you wish to discuss this action or have any questions concerning this notice or your rights or interests, please contact plaintiff's counsel, Samuel H. Rudman or David A. Rosenfeld of Coughlin Stoia at 800/449-4900 or 619/231-1058, or via e-mail at djr@csgrr.com. If you are a member of this class, you can view a copy of the complaint as filed or join this class action online at http://www.csgrr.com/cases/gildan/. Any member of the purported class may move the Court to serve as lead plaintiff through counsel of their choice, or may choose to do nothing and remain an absent class member.

The complaint charges Gildan and certain of its officers and directors with violations of the Securities Exchange Act of 1934. Gildan supplies activewear for the wholesale imprinted sportswear market in the United States and Canada, as well as in Europe. The Company sells T-shirts, sport shirts, and fleece in large quantities to wholesale distributors as undecorated blanks, which are subsequently decorated by screenprinters with designs and logos.

The complaint alleges that, during the Class Period, defendants issued a series of materially false and misleading statements concerning the Company's financial performance and prospects. Specifically, the complaint alleges that these statements were materially false and misleading because defendants failed to disclose and/or misrepresented: (i) that sales of Gildan's activewear were performing below internal expectations as a result of a shortfall in production from its Dominican Republic textile facility; (ii) that Gildan was failing to timely write down an impairment in the value of its inventories, thereby materially overstating its financial results; and (iii) as a result of the foregoing, defendants had no reasonable basis for their earnings guidance for fiscal 2008 and other positive statements about the Company and its business.

Then, on April 29, 2008, Gildan issued a press release announcing that it was reducing its earnings per share guidance for the second quarter and full year of fiscal 2008. Upon this news, shares of the Company's stock fell $10.99 per share, or 30%, to close at $24.93 per share, on heavy trading volume.

Plaintiff seeks to recover damages on behalf of all purchasers of Gildan common stock during the Class Period (the "Class"). The plaintiff is represented by Coughlin Stoia, which has expertise in prosecuting investor class actions and extensive experience in actions involving financial fraud.

Coughlin Stoia, a 190-lawyer firm with offices in San Diego, San Francisco, Los Angeles, New York, Boca Raton, Washington, D.C., Philadelphia and Atlanta, is active in major litigations pending in federal and state courts throughout the United States and has taken a leading role in

**Related Quote**

GIL 21-Jul 3:59pm (C)Yahoo!

GIL  25.82  -0.05  News
**View Detailed Quote**
Delayed 20 mins
Providers - Disclaimer

**Related News Stories**

- Canadian Global Supremacy - at Forbes.com (Thu Jul 10)
- New pharma ethics rules eliminate gifts and meals - AP (Fri Jul 11)
- New pharma ethics rules eliminate gifts and meals - AP (Thu Jul 10)
- Gildan Activewear: Legal Woes Unlikely to Affect Long-Term Results - at Seeking Alpha (Wed Jul 9)
  More...

- By industry: Textile - Apparel Clothing



**Top Stories**

- Apple 3Q profit jumps 31 percent - AP (5:02 pm)
- Stocks end mixed on worries about earnings, oil - AP (4:39 pm)
- AP IMPACT: Big Oil profits steered to investors - AP (5:01 pm)
- BofA 2Q profit shrinks, beats Wall Street - AP (4:17 pm)
  More...

- Most-viewed articles

**RSS Feeds**

Add headlines to your personalized My Yahoo! Page
( About My Yahoo! and RSS )

GIL Headlines

Textile - Apparel Clothing Headlines

many important actions on behalf of defrauded investors, consumers, and companies, as well as victims of human rights violations. The Coughlin Stoia Web site (http://www.csgrr.com) has more information about the firm.

More Finance RSS Feeds

*Contact:*

```
Coughlin Stoia Geller Rudman & Robbins LLP
Samuel H. Rudman, 800-449-4900
David A. Rosenfeld
djr@csgrr.com
```

Source: Coughlin Stoia Geller Rudman & Robbins LLP

✉ Email Story    🔔 Set News Alert    🖨 Print Story    Yahoo! Buzz

Search News

Sponsor Results

Stent Information
Learn More About the Latest Breakthrough in Stent Technology.
CypherStent.com

Gildan Activewear
Providing private institutions, law enforcement agencies and correctional facilities with clothing and footwear by Rocky Shoes, Iron Age Shoes, Gildan, Heritage Sportswear and more.
www.procorroutfitters.com

Get Your Info
Get Info on Your Search from 14 search engines in 1.
www.info.com

(What's This?)

Copyright © 2008 Yahoo! Inc. All rights reserved. Privacy Policy - Terms of Service - Copyright Policy - Send Feedback
Copyright © 2008 Business Wire. All rights reserved. All the news releases provided by Business Wire are copyrighted. Any forms of copying other than an individual user's personal reference without express written permission is prohibited. Further distribution of these materials by posting, archiving in a public web site or database, or redistribution in a computer network is strictly forbidden.

# EXHIBIT B

## CERTIFICATION PURSUANT TO
## THE FEDERAL SECURITIES LAWS

I, Walter Stampor, on behalf of the Police and Fire Retirement System of the City of Detroit ("Detroit P&F"), hereby certify, as to the claims asserted under the federal securities laws, that:

1.  I am the Executive Secretary of Detroit P&F. I have reviewed a complaint filed in this matter. Detroit P&F has authorized Scott + Scott LLP to file a complaint and a motion for appointment as lead plaintiff on its behalf.

2.  Detroit P&F did not purchase the securities that are the subject of this action at the direction of counsel or in order to participate in any action arising under the federal securities laws.

3.  Detroit P&F is willing to serve as a lead plaintiff and representative party on behalf of the Class, including providing testimony at deposition and trial, if necessary. Detroit P&F fully understands the duties and responsibilities of the lead plaintiff under the Private Securities Litigation Reform Act, including the selection and retention of counsel and overseeing the prosecution of the action for the Class.

4.  Detroit P&F's transactions in **GILDAN ACTIVEWEAR INC. (GIL)** securities that are the subject of this action are set forth in the chart attached hereto.

5.  Detroit P&F has sought to serve and was appointed as a lead plaintiff and representative party on behalf of a class in the following actions under the federal securities laws filed during the three-year period preceding the date of this Certification:

    *In re Dot Hill Systems Corporation Securities Litigation*, Case No. 06-cv-228 (S.D. Cal.)
    *In re Bausch & Lomb, Inc. Securities Litigation*, Case No. 06-cv-6294 (W.D.N.Y.)
    *In re KLA-Tencor Corp. Securities Litigation*, Case No. 06-cv-4065 (N.D. Cal.)
    *Police and Fire Retirement System of the City of Detroit v. Safenet Inc., et al.*, Case No. 06-cv-5797 (S.D.N.Y.)
    *In re Marvell Technology Group, Ltd. Securities Litigation*, Case No. 06-cv-6286 (N.D. Cal.)
    *In re WSB Financial Group Securities Litigation*, Case No. 07-cv-1747 (W.D. Wash.)
    *In re SiRF Technology Holdings, Inc. Securities Litigation*, Case No. 08-cv-856 (N.D. Cal.)

6.  Detroit P&F has sought to serve as a lead plaintiff and representative party on behalf of a class in the following actions under the federal securities laws filed during the three-year period preceding the date of this Certification, but either withdrew its motion for lead plaintiff or was not appointed lead plaintiff:

    *In re Boston Scientific Corp. Securities Litigation*, Case No. 05-cv-11934 (D. Mass.)
    *In re Sonus Networks, Inc. Securities Litigation*, Case No. 06-cv-10040 (D. Mass.)
    *In re Aetna, Inc. Securities Litigation*, Case No. 07-cv-4451 (E.D. Pa.)
    *In re Verifone Holdings, Inc. Securities Litigation*, Case No. 07-cv-6140 (N.D. Cal.)
    *In re UBS AG Securities Litigation*, Case No. 07-cv-11225 (S.D.N.Y.)
    *Barkett v. Societe Generale et al.*, Case No. 08-cv-2495 (S.D.N.Y.)

7.     Detroit P&F will not accept any payment for serving as a representative party on behalf of the Class beyond Detroit P&F's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class, as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 23 day of June, 2008.

Walter Stampor
Executive Secretary
*Police and Fire Retirement System of the City of Detroit*

2

EXHIBIT C

**POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT**

**Transactions and Losses**                                                                                       Gildan Activewear Inc. (GIL)

**Class Period: 08/02/07 - 04/29/08**

| Movant's Name | Acquisition Date | Shares Purchased | Share Price | Total Cost | Disposition Date | Shares Sold/Held | Share Price | Total Proceeds | Total Gain (Loss)* |
|---|---|---|---|---|---|---|---|---|---|
| Police & Fire | 12/3/2007 | 26,100 | $37.75 | $985,353.33 | Held* | 26,100 | *$26.94 | $703,134.00 | ($282,219.33) |
| Retirement | 12/20/2007 | 1,700 | $40.49 | $68,838.10 | Held* | 1,700 | *$26.94 | $45,798.00 | ($23,040.10) |
| System of the | 12/24/2007 | 1,700 | $41.03 | $69,756.10 | Held* | 1,700 | *$26.94 | $45,798.00 | ($23,958.10) |
| City of Detroit | | | | | | | | | |
| | | **29,500 shares purchased** | | **$1,123,947.53** | | **29,500 shares held** | | **$794,730** | **($329,217.53)** |

* For shares held at the end of the Class Period, damages are calculated
by multiplying the shares held by the average share price during the 90 calendar days
after the end of the Class Period.  The price used is $26.94 per share.

# EXHIBIT D

# SCOTT + SCOTT LLP



**MISSION STATEMENT**

The firm prides itself on its continuing dedication to client satisfaction and communication. Founded by alumni of larger firms, our attorneys encourage our clients to share their fiduciary, business and personal philosophies with us. We then invest the time to learn about our clients' operations and interests so that each representation can truly be a collaborative effort. We believe strongly that the practice of law should be conducted in a straightforward and honorable manner. We work diligently to ensure that intelligence, preparation and knowledge, as opposed to abusive and often counterproductive gamesmanship, are utilized to achieve the best result for our clients in a cost-effective manner. In so doing, we dedicate ourselves to practicing at the highest legal and ethical standards. We believe that our clients, as well as the numerous established law firms with whom we work and oppose, trust our word and respect the nature of our advocacy.

Scott + Scott regularly works with other firms on major litigation and with firms of only the highest quality and reputation so as to ensure the best representation for our clients. From its inception, the firm has been committed to producing legal work of the highest professional quality. It combines the flexible, informal and cooperative atmosphere of a smaller firm with a sophisticated practice, involving substantial and challenging legal issues more typically associated with larger firms.

### Securities Class Action and Corporate Governance/Shareholder Derivative Litigation

Scott + Scott is a nationally recognized law firm that recovers money for individual and institutional investors who have suffered from corporate stock fraud through securities class action and corporate governance/shareholder derivative litigation. Scott + Scott's philosophy is simple – officers and directors of a corporation should be responsible to their shareholders and the public markets. The firm has participated in recovering billions of dollars and achieved precedent-setting reforms in corporate governance on behalf of investors and shareholders.

### Employee Retirement Litigation

Scott + Scott actively litigates complex class actions across the United States on behalf of corporate employees alleging violations of the federal Employee Retirement Income Security Act of 1974 (ERISA). ERISA was enacted by Congress to prevent employers from exercising improper control over retirement plan assets and requires that pension and 401(k) plan trustees, including employer corporations, owe the highest fiduciary duties to retirement plans and their participants as to their retirement funds. Scott + Scott is committed to continuing its leadership

in ERISA and related employee-retirement litigation, as well as to those employees who entrust their employers with hard-earned retirement savings.

### Antitrust Litigation

The firm is actively involved in litigating many complex antitrust cases throughout the United States.  In such actions, Scott + Scott works to ensure that the markets remain free, open and competitive to the benefit of both consumers purchasing and business enterprises operating in such markets. In addition to traditional price-fixing cases, the firm has taken the lead in a number of novel antitrust claims throughout the United States.

### Consumer Rights Litigation

Scott + Scott regularly represents aggrieved consumers in a variety of class action cases pending throughout the United States.  In addition to more typical cases involving consumer finance issues, such as *In re: Providian Credit Card Litigation* (Superior Court of California, County of San Francisco), the firm is litigating cases against a number of health maintenance organizations (HMO) and other corporate defendants, including: *Albert v. Physician Health Services of Connecticut, Inc.* and *O'Brien v. Aetna, Inc. and Aetna-U.S. Healthcare, Inc.* (United States District Court, District of Connecticut); *Medical Society of the State of New York v. Connecticut General Corporation, et al.* (New York Supreme Court, County of New York); and *Granito, et al. v. International Business Machines, Inc.* (Connecticut Superior Court).  Scott + Scott also has been involved in a number of major consumer fraud cases under state consumer protection laws, including: *Harnage v. Publishers Clearing House* (Connecticut Superior Court); *Gould v. IDT Corporation* (United States District Court, District of New Jersey); *In re: Kava Kava Litigation* (Superior Court of California, County of Los Angeles); *Fischer, et al. v. MasterCard International, Inc., et al.* (New York Supreme Court, County of New York); and *Paton, et al. v. Cingular Wireless, et al.* (Superior Court of California, County of San Francisco).

### Human Rights & Civil Rights Litigation

Scott + Scott is also an advocate of human and civil rights.  For instance, Scott + Scott was active in the *World War II Era Japanese Forced Labor Litigation*, suing Japanese companies in U.S. court on behalf of thousands of aging veterans and civilians forced to work as slaves for Japanese corporations during World War II.  In addition, Scott + Scott currently represents a nationwide class of workers of United Parcel Service (UPS), alleging that UPS violates the Americans with Disabilities Act.

**ATTORNEY BACKGROUND AND EXPERIENCE**

**MELVIN SCOTT** is a graduate of the University of Connecticut (B.A. 1950) and the University of Kentucky (M.A. 1953; LL.B. 1957). Mr. Scott founded the firm in 1975. He is admitted to practice in Kentucky (now retired), Connecticut and Pennsylvania. Mr. Scott was a member of the Kentucky Law Review, where he submitted several articles for publication. He has served as an Attorney Trial Referee since the inception of this program in the State of Connecticut and is a member of the Fee Dispute Committee for New London County. Mr. Scott also formerly served as a Special Public Defender in criminal cases and as a member of the New London County Grievance Committee. Mr. Scott actively represents aggrieved parties in securities, commercial and criminal litigation and served or serves as counsel in: *Irvine, et al. v. ImClone Systems, Inc., et al.; Schnall, et al. v. Annuity and Life Re (Holdings) Ltd., et al.; In re: 360networks Class Action Securities Litigation; In re: General Motors ERISA Litigation;* and *Hohider v. UPS,* among others.

**DAVID R. SCOTT** is a graduate of St. Lawrence University (B.A., *cum laude*, 1986), Temple University School of Law (J.D., Moot Court Board, 1989) and New York University School of Law (LL.M. in taxation). He concentrates in commercial and class action trial work. Mr. Scott's trial work involves antitrust, intellectual property, commercial and complex securities litigation. Mr. Scott's antitrust litigation experience includes matters dealing with illegal tying, price-fixing and monopolization actions. He has served as lead counsel in numerous antitrust and securities class action lawsuits. Notably, Mr. Scott served as co-lead counsel in *In re: Priceline.com Securities Litigation* ($80 million settlement); *Thurber v. Mattel, Inc.* ($122 million settlement); *In re: Emulex Corp. Securities Litigation* ($39 million settlement); *In re: Sprint Securities Litigation* ($50 million settlement); *In re: Northwestern Corporation Securities Litigation* ($61 million settlement); *Irvine, et al. v. Imclone Systems, Inc., et al.*($75 million settlement); *Schnall, et al. v. Annuity and Life Re (Holdings) Ltd., et al.* ($16 million settlement); and *In re: Qwest Communications International, Inc.* (significant corporate governance reforms and $25 million for the company), among others. His securities litigation experience includes matters dealing with securities fraud class actions, derivative/corporate governance litigation and representation of start-up technology companies in private securities litigation. Presently, Mr. Scott is serving as lead counsel in: *In re: General Motors ERISA Litigation; In re: Guidant Corp. Securities Litigation; and Shirk v. Fifth Third Bancorp, et al.;* among others. Mr. Scott is admitted to practice in Connecticut, Pennsylvania, New York, the United States Tax Court and many United States District Courts.

**ARTHUR L. SHINGLER** is a graduate of Point Loma College (B.A., *cum laude*, 1989) and Boston University School of Law (J.D. 1995). Mr. Shingler specializes in complex consumer and securities class actions, as well as related shareholder derivative litigation. Mr. Shingler is or has been counsel in numerous actions, including: *In Re: Lattice Semiconductor Derivative Litigation; In re: Priceline.com Securities Litigation; In re: 360networks Class Action Securities Litigation; Irvine, et al. v. ImClone Systems, Inc., et al.; In re: Cyberonics Securities Litigation; Lancaster, et al. v. Royal Dutch Petroleum Co.; In re: HealthSouth Corporation Derivative Litigation;* and *In Re: Guidant Corp. Securities Litigation*, among other representative actions. In

addition to numerous successful recoveries in class litigation, of particular note are Mr. Shingler's efforts on behalf of the class in the Halliburton securities litigation, where he successfully argued against final approval of an inadequate settlement and continues to represent plaintiffs as the action proceeds.   Mr. Shingler also played a primary role in substantially changing executive management and corporate governance, as well as advancing shareholder rights in the Lattice Semiconductor Derivative Litigation.  Of additional note, Mr. Shingler has represented aggrieved class members in a number of consumer protection actions and has been instrumental in expanding and clarifying consumer and class interests nationwide.   As two examples, Mr. Shingler was fundamentally involved before the Massachusetts Supreme Judicial Court in shaping the contours of class certification under Massachusetts state law (*Weld v. Glaxo Wellcome, Inc.*, 434 Mass. 81 (2001)) and, before the California Court of Appeals, in shaping the scope of California's Unfair Practices Act and the limits of its False Claims Act (*Rothchild v. Tyco Internat.* (US), Inc., et al., 83 Cal. App. 4th 488 (Cal. App. 4th D.C.A. 2000)) Mr. Shingler is admitted to practice before the Supreme and all other Courts of the State of California, the United States Court of Appeals for the Third Circuit, and various United States District Courts.

**BETH KASWAN** has represented plaintiffs in cases involving securities and consumer fraud since 1998. Prior to 1998, Ms. Kaswan served in the Giuliani administration as New York City's Chief Procurement Officer, a Deputy Commissioner in the Department of Investigations and the Finance Department's Chief Counsel.

Ms. Kaswan, having majored in accounting at college, began her career at Peat, Marwick, Mitchell & Co. and later served as a trial attorney with the U.S. Department of Justice, Tax Division. In 1985, she joined the U.S. Attorney's Office for the Southern District of New York, and was promoted to Chief of Commercial Litigation and then Deputy Chief of the Civil Division. While employed by the government, Ms. Kaswan litigated several high-profile cases to judgment, including the landmark case of *United States v. Gleneagles Inv. Co.*, where following a multi-stage, thirteen month trial, the fraudulent conveyance laws were first applied to set aside a leveraged buy-out. She also represented the Federal Reserve for its enforcement actions against the rogue bank, BCCI, leading to the global RICO plea agreement and forfeiture of BCCI's $550 million of United States assets; the IRS for its $5 billion claim against Drexel, the Defense Department and MARAD for *qui tam* and other false claims actions against Goodyear Aerospace, Loral and General Dynamics and the FDA to enjoin the manufacture of adulterated generic drugs. See, e.g., *United States v. Gleneagles Inv. Co.,* 565 F. Supp. 556 ("Gleneagles I"), 571. F. Supp. 935 ("Gleneagles II"), 584 F. Supp. 671 ("Gleneagles III") (M.D. Pa. 1981), aff'd in part and rev'd in part sub. nom., *United States v. Tabor Ct. Realty Corp.*, 803 F.2d 1288 (3d Cir. 1986); In re Smouha ("BCCI"), 136 B.R. 921 (S.D.N.Y. 1992); *United States v. Davis*, 803 F. Supp. 830 (S.D.N.Y. 1992), aff'd in part and rev'd in part sub. nom., *United States v. General Dynamics Corp.*, 19 F.3d 770 (2d Cir. 1994); *United States v. Barr Laboratories, Inc.*, 812 F. Supp. 458 (D.N.J. 1993).

Ms. Kaswan received several awards from the Justice Department and the agencies she represented, including the Justice Department's John Marshall award, Special Commendation from the Attorney General, a Superior Performance award from the Executive Office of U.S. Attorneys, Tax Division Outstanding Achievement awards, and awards from the FDA Commissioner and U.S. Customs Service. She has testified before the New York legislature as a government expert on

money-laundering and lectured in Justice Department training programs on evidence and other subjects.

**CHRISTOPHER M. BURKE** is a graduate of The Ohio State University (BA 1989), William & Mary (MA 1988) and the University of Wisconsin (MA 1989; JD 1993; PhD 1996). Mr. Burke's principle practice is in complex antitrust, consumer and other representative litigation. Prior to joining Scott + Scott, his practice centered on complex antitrust litigation including *In re Payment Card & Merchant Fee Antitrust Litigation* and *In re Truck Fuel Antitrust Litigation*. Mr. Burke served as co-lead counsel in *In re Currency Conversion Antitrust Litigation* ($336 million settlement), *In re Payment Card & Merchant Fee Antitrust Litigation* and was one of the trial counsel in *Schwartz v.* Visa ($800 million plaintiff verdict). Currently, Mr. Burke is one of the lead counsel in the *In re Private Equity Antitrust Litigation*. Mr. Burke has also served as an Assistant Attorney General at the Wisconsin Department of Justice, and has lectured on law-related topics including constitutional law, law and politics and civil rights at the State University of New York at Buffalo and at the University of Wisconsin. Mr. Burke's book, *The Appearance of Equality: The Supreme court and Racial Gerrymandering* (Greenwood, 1999), examines conflicts over voting rights and political representation within the competing rhetoric of communitarian and liberal strategies of justification. Mr. Burke is admitted to practice by the Supreme Court of the State of California, Supreme Court of the State of Wisconsin, and numerous additional United States District Courts.

**ANITA MELEY LAING** is a graduate of Ohio University (B.S., *cum laude*, 1963), University of Tennessee (M.S., *summa cum laude*, 1967) and University of Pittsburgh School of Law (J.D., *cum laude*, 1978). She is admitted to practice in California and Pennsylvania (inactive). Ms. Laing was the Notes Editor of the University of Pittsburgh Law Review and has authored articles for publication there and in the legal magazine *Trial*. Ms. Laing's entire legal career has involved complex commercial and class action cases. Her practice has ranged: from representation of employees in nationwide class action discrimination cases, to thousands of individuals who lived near a major California Superfund site for personal injuries and property damage sustained from exposure to toxic waste emissions; from companies who paid inflated premiums for workers' compensation insurance, to elderly investors in a multi-million dollar Ponzi scheme; and from purchasers of publicly traded securities at fraudulently inflated prices to consumers nationwide. Ms. Laing is active in litigation, including: *Hohider v. UPS; In re: Guidant Securities Litigation*; and *In re: Diebold Inc. Securities Litigation*, among others.

**JUDY SCOLNICK** is a graduate of New York University (BA *cum laude* 1972), Brandeis University (MA 1973) and Boston College Law School (JD *summa cum laude* 1976) where she served on the *Boston College Industrial and Commercial Law Review*. She began her career as a law clerk to the late Honorable Anthony Julian of the United States District Court in Massachusetts and then served as a trial attorney in the Civil Division of the United States Department of Justice from 1977 until 1981. As a trial attorney Ms. Scolnick was the lead counsel in several high-profile employment discrimination lawsuits against various US agencies around the country. She also drafted the policy position followed by all US Attorneys' offices concerning employment discrimination cases that ensured coordination between the positions of the Civil Rights Division as prosecutor of discrimination cases against private employer and the Civil Division as the defender of employment cases against US agencies. Ms Scolnick then

served with the General Counsel's office of British Airways, where she primarily practiced employment law. Ms. Scolnick also played a primary role in negotiating key operating contracts and obtaining governmental approval of the alliance between British Airways and American Airlines.  Ms. Scolnick has lectured and written extensively in the areas of prosecution and defense of Title VII , Americans with Disabilities Act, age discrimination, and compliance with the discrimination provisions of the Air Carrier Access Act.  Ms. Scolnick is admitted to practice in New York, New Jersey, and Massachusetts.

**MARIA K. TOUGAS** is a graduate of Bowdoin College (B.A., *magna cum laude*, 1985) and Western New England College School of Law (J.D. 1989), where she was a member of the National Moot Court Team. Ms. Tougas' experience includes complex commercial litigation, creditor's rights and bankruptcy. At Scott + Scott, Ms. Tougas is actively engaged in complex class action litigation, including securities, consumer and antitrust litigation. She also focuses on bankruptcy and creditor's rights issues associated with complex class action litigation.  Ms. Tougas actively practices all types of commercial litigation.  She is admitted to practice in Connecticut, as well as the U.S. Court of Appeals for the Second Circuit.

**DEIRDRE DEVANEY** is a graduate of New York University (B.A., *cum laude*, 1990) and the University of Connecticut School of Law (J.D., with honors, 1998) where she was the Managing Editor of the Connecticut Journal of International Law.  Ms. Devaney's experience includes commercial and probate litigation, as well as trusts and estates. Currently, Ms. Devaney's practice areas include commercial and securities litigation. Ms. Devaney is involved in litigation, including: *In re: Priceline.com Securities Litigation*; and *In re: Guidant Corp. Securities Litigation*, among others. Ms. Devaney is admitted to practice in Connecticut, New York and the United States District Court for the District of Connecticut.

**GEOFFREY JOHNSON** is a graduate of Grinnell College (B.A., with honors, 1996) and the University of Chicago Law School (J.D., with honors, 1999), where he served on the law review. An attorney with the firm's Ohio office, Mr. Johnson's main practice areas include securities and ERISA class action litigation, corporate governance and other complex commercial litigation, including among others: *In re: Priceline.com Securities Litigation; In re: GM ERISA Litigation; Shirk v. Fifth Third Bancorp.;* and prior to joining Scott + Scott, Mr. Johnson clerked for the Honorable Karen Nelson Moore, Sixth Circuit United States Court of Appeals. Mr. Johnson has been active in pro bono matters, handling cases for the Legal Aid Society of Cleveland. Mr. Johnson is a member of the Ohio Bar.

**WALTER NOSS** is a graduate of the University of Toledo (B.A., *magna cum laude*, Economics 1997) and the Ohio State University College of Law (J.D., with honors, 2000), where he served as a member of the Ohio State Law Journal. Mr. Noss' main practice areas include securities, antitrust and complex litigation, including: *In re: Rubber Chemicals Antitrust Litigation; In re: Plastic Additives Antitrust Litigation;* and *In re: Polychlorprene Rubber Antitrust Litigation*, among others. Mr. Noss is a member of the Ohio Bar.

**DONALD D. BROGGI** is a graduate of University of Pittsburgh (B.A. 1990) and Duquesne University School of Law (J.D. 2000).  He is licensed to practice in Pennsylvania and currently is engaged in the firm's complex securities, antitrust and consumer litigation, including: *Hohider*

*v. UPS; In re: Priceline.com Securities Litigation; In re: Rubber Chemicals Antitrust Litigation;* and *In re: Plastic Additives Antitrust Litigation*, among others.

**ERIN GREEN COMITE** is a graduate of Dartmouth College (B.A., *magna cum laude*, 1994) and the University of Washington School of Law (J.D. 2002).  Prior to entering law school, Ms. Comite was a legal assistant at The White House.  At Scott + Scott she actively is engaged in the firm's complex securities, corporate governance and antitrust litigation, including: *Hohider v. UPS; In re: Priceline.com Securities Litigation;* and *In re: Host America Securities Litigation*, among others.  Ms. Comite also assists in the firm's institutional investor and class member services. She is licensed to practice in Connecticut.

**KRISTEN M. ANDERSON** is a graduate of St. Louis University (B.A., philosophy, 2003) and the University of California, Hastings College of the Law (J.D., 2006).  During law school, Ms. Anderson served as an extern at the U.S. Department of Justice, Antitrust Division, in San Francisco. While at Hastings, Ms. Anderson also served as an extern to Justice Kathryn Mickle Werdegar of the Supreme Court of California and was the research assistant to Professor James R. McCall in the areas of antitrust and comparative antitrust law. At Scott + Scott, Ms. Anderson's practice focuses on complex antitrust, consumer securities and other representative litigation.  Ms. Anderson is admitted to practice in California and various United States District Courts.

**DAVID H. GOLDBERGER** is a graduate of the University of Colorado (B.A. 1999) and California Western School of Law (J.D. 2002). Mr. Goldberger is currently actively involved in litigation, including: *In re: Priceline.com Securities Litigation*; *In re: GM ERISA Litigation;* and *In re: Plastic Additives Antitrust Litigation*, among others. He is licensed to practice in California and is currently involved in the firm's complex securities and antitrust litigation.

**DESSETA MARSIE-HAZEN** is a graduate of Wellesley College (B.A. 1978), the Woodrow Wilson School of Public and International Affairs at Princeton University (M.P.A. 1980) and the New York University School of Law (J.D. 1987).  She is licensed to practice in the Virgin Islands, New York, Florida and the District of Columbia.  She currently spearheads all aspects of discovery in the firm's antitrust and securities practice.

**LUIS LORENZANA** is a graduate of Santa Clara University (B.A. 1998) and The George Washington University Law School (J.D., with honors, 2006).  Mr. Lorenzana is licensed to practice in California and is involved in the firm's securities and antitrust class action litigation. Currently, Mr. Lorenzana is involved in litigation, including:  *In re: Priceline.com Securities Litigation*; and *In re: Payment Card Interchange Fee* and *Merchant Discount Antitrust Litigation*, among others.  As part of his *pro bono* work, Mr. Lorenzana has worked with La Raza Centro Legal in San Francisco, where he represented low-income, Spanish-speaking clients facing housing, labor and consumer issues.

**HAL CUNNINGHAM** is a graduate of Murray State University (B.S. Biological Chemistry, 1997) and the University of San Diego School of Law (J.D. 2005). In addition to his law practice, Mr. Cunningham has over eight years of research and development experience in the chemical and pharmaceutical industries. Mr. Cunningham is licensed to practice in California

and currently is involved in the firm's securities and consumer litigation, including: *In re: Cardinal Health, Inc. Securities Litigation*; *Paton, et al. v. Cingular Wireless, et al*. and *Deitz v. Comcast Corporation*.

**AMANDA F. LAWRENCE** is a graduate of Dartmouth College (B.A., cum laude, 1998) Yale University (J.D., 2002).  Ms. Lawrence is admitted to practice in Connecticut.  Her primary areas of practice are complex securities litigation, securities class action litigation, commercial and land use litigation.