UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――― x
CITY OF ST. CLAIR SHORES POLICE AND : Civil Action No. 1:08-cv-05048-HB
FIRE RETIREMENT SYSTEM, on Behalf of :
Itself and All Others Similarly Situated, : **MEMORANDUM OF LAW IN SUPPORT**
: **OF MOTION OF THE POLICE AND**
                Plaintiff, : **FIRE RETIREMENT SYSTEM OF THE**
: **CITY OF DETROIT FOR EXTENSION**
   vs. : **OF TIME TO FILE UNDER FEDERAL**
: **RULE OF CIVIL PROCEDURE RULE**
: **6(b)(1)(B)**
GILDAN ACTIVEWEAR, INC., GLENN J. :
CHAMANDY and LAURENCE G. SELLYN, :
:
                Defendants. :
:
―――――――――――――――――――――――――― x

Institutional Investor class member and lead plaintiff movant Police and Fire Retirement System of the City of Detroit ("Detroit Police and Fire" or "Movant") respectfully submits this memorandum of law in support of its motion for a one-day extension of time to file its response to the Motion of the Institutional Investor Group for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel.

## I.  INTRODUCTION

Presently pending before this Court are three related securities class action lawsuits (the "Actions") brought on behalf of all persons who purchased or otherwise acquired the common stock of Gildan Activewear Inc. ("Gildan" or the "Company") between August 2, 2007, and April 29, 2008, inclusive (the "Class Period") and were damaged thereby. These related investor class actions are captioned as follows:

| Case Caption | Date Filed |
| --- | --- |
| *City of St. Clair Shores Police and Fire Retirement System v. Gildan Activewear Inc., et al.*, 08-cv-05048-HB | June 2, 2008 |
| *The Police and Fire Retirement System of the City of Detroit et al. v. Gildan Activewear Inc., et al.*, 08-cv-05717-UA | June 25, 2008 |
| *Alegre v. Gildan Activewear Inc., et al.*, 08-cv-06144-HB | July 3, 2008 |

On Friday, August 1, 2008, Lead Plaintiff Movants Detroit Police and Fire and the Institutional Investor Group filed respective motions to consolidate the Actions, serve as lead plaintiffs and to appoint counsel. *See* Docket Nos. 6-12. On that same day, Detroit Police and Fire's and the Institutional Investor Group's respective motion papers were rejected by the Court's Electronic Case Filing System due to an electronic filing error. *Id.* The following Monday, August 4, 2008, Detroit Police and Fire and Institutional Investor Group were individually noticed to re-file their respective documents. *See* Docket ["NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR"]. The nature of the filing error of each party was identical, as described in the note:

> When filing a motion that contains multiple requests, each specific request must
> be selected from the Motions event list. Ex/Sel "Motion Consolidate Cases",

1

"Motion Appoint Lead Plaintiff", and "Motion Appoint Counsel" by holding down the "control" key and clicking on the specific motions with mouse.

*Id.*

Upon this notice, on August 4, 2008, the Detroit Police and Fire and Institutional Investor Group re-filed their respective motion papers. *See* Docket Nos. 13-18. On August 18, 2008, the Institutional Investor Group filed its Memorandum of Law in opposition to Detroit Police and Fire's Motion to serve as lead plaintiff and to appoint counsel. *See* Docket No. 19.

On August 19, 2008, counsel for Detroit Police and Fire became aware of the Institutional Investor Group's August 18, 2008 filing. Declaration of Arthur L. Shingler III In Support of Motion of the Police and Fire Retirement System of the City of Detroit for Extension of Time to File Under Federal Rule of Civil Procedure 6(b)(1)(B), ¶2. Upon questioning internal calendaring staff, Detroit Police and Fire's counsel became aware that the date for filing Detroit Police and Fire's response brief had been inadvertently based on the August 4, 2008 re-filing date. *Id.*, ¶3. As a consequence, the filing of Detroit Police and Fire's response to the lead plaintiff motion of Institutional Investor Group was mis-calendared. Detroit Police and Fire respectfully requests that the Court grant a one-day extension under Federal Rule of Procedure Rule 6(b)(1)(B) for the filing of its brief in response to the Motion of Institutional Investor Group, which is being filed herewith.

## II. ARGUMENT

A district court may extend the date for filing a motion, even if the request is made after the expiration of the deadline, if the late party has demonstrated "excusable neglect." *Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 227-28 (2d Cir. 2004). "To determine whether a party's neglect is excusable, a district court should take into account: '[1][t]he danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Id.* at 228 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "As these factors

2

suggest, excusable neglect is an elastic concept that is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* "[Excusable neglect] may encompass delays caused by inadvertence, mistake, or carelessness, at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit." *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995).

Here, Detroit Police and Fire seeks a one-day extension to file its brief in response to the Institutional Investor Group's Lead Plaintiff motion. The length of delay will not impact the proceedings before this Court and will not prejudice Institutional Investor Group. *Federal Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 371-72 (S.D.N.Y. 2006). Indeed, Detroit Police and Fire is the presumptive Lead Plaintiff under the Private Securities Litigation Reform Act of 1995 based on the evidence already before the Court.

## IV. CONCLUSION

Accordingly, Detroit Police and Fire respectfully requests that the Court enter an order extending the deadline for filing a response to Institutional Investor Group's lead plaintiff motion by one day to August 19, 2008.

DATED: August 19, 2008

Respectfully submitted,

SCOTT + SCOTT, LLP

/s/ David R. Scott
DAVID R. SCOTT (DS 8053)
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Tel: 860/537-5537
Fax: 860/537-4432
Email: drscott@scott-scott.com

SCOTT + SCOTT, LLP
BETH KASWAN
29 West 57th Street
New York, NY  10019
Tel: 212/223-6444
Fax: 212/223-6334
Email: bkaswan@scott-scott.com

Proposed Lead Counsel

Attorneys for Police and Fire Retirement System of
the City of Detroit

## CERTIFICATE OF SERVICE

I, David R. Scott, hereby certify that a copy of the foregoing was served on all parties on August 19, 2008 via the Court's ECF system.

/s/ David R. Scott