UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――― x

CITY OF ST. CLAIR SHORES POLICE AND : Civil Action No. 1:08-cv-05048-HB
FIRE RETIREMENT SYSTEM, on Behalf of
Itself and All Others Similarly Situated, :

                Plaintiff,   : **THE POLICE AND FIRE RETIREMENT**
                                                       **SYSTEM OF THE CITY OF DETROIT'S**
vs.   : **MEMORANDUM OF LAW IN**
                                                       **OPPOSITION TO COMPETING**
  : **MOTION FOR APPOINTMENT AS**
GILDAN ACTIVEWEAR, INC., GLENN J.   **LEAD PLAINTIFF**
CHAMANDY and LAURENCE G. SELLYN, :

                Defendants.   :

―――――――――――――――――――――― x

## I. INTRODUCTION

The Police and Fire Retirement System of the City of Detroit ("Detroit Police and Fire") respectfully submits this memorandum of law in further support of its motion for Lead Plaintiff appointment and for approval of their selection of Scott+Scott LLP to serve as plaintiff's Lead Counsel and in opposition of the self-titled Institutional Investor Group's competing motion.[1] The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the "court shall adopt a presumption that the most adequate plaintiff" is the person that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Weiss v. Friedman, Billings, Ramsey Group, Inc.*, 2006 U.S. Dist. LEXIS 3028, at *9-*10 (S.D.N.Y. 2006) (Holwell, J.) ("By enacting the PSLRA and 'requiring the court to presume that the member of the purported class with the largest financial stake in the relief sought is the "most adequate plaintiff,"' Congress sought to 'increase the likelihood that institutional investors' will step forward as the ideal lead plaintiffs in private securities litigation.").[2] Here, Detroit Police and Fire respectfully submits that it is the only proposed lead plaintiff before the Court that satisfies both prongs of the PSLRA's test. *In re Cendant Corp. Sec. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (noting that institutional investors will "more often than not" satisfy the requirements of Rule 23).

As discussed herein, the Institutional Investor Group has smaller collective and individual losses than Detroit Police and Fire. Thus, Detroit Police and Fire is the most adequate plaintiff and accordingly should be appointed Lead Plaintiff. The Institutional Investor Group's motion should be denied.

---

[1] The Institutional Investor Group is represented by two law firms (Coughlin Stoia Geller Rudman & Robbins LLP and Labaton Sucharow LLP) and consists of Norfolk County Retirement System, City of Pontiac Policemen's and Firemen's Retirement Systems and City of St. Clair Shores Police and Fire Retirement System.

[2] Unless otherwise noted, all emphasis is added and all citations are omitted.

## II. ARGUMENT

The PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

    (aa)    has either filed the complaint or made a motion in response to a notice . . .;

    (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The motions before the Court were timely filed within 60 days of the published notice and each are entitled to be heard. Only Detroit Police and Fire, however, triggers the PSLRA's presumption as "most adequate plaintiff," satisfying both of the remaining prerequisites to appointment as lead plaintiff.

### A. Detroit Police and Fire Has the Largest Financial Interest in the Relief Sought by the Class

While the PSLRA "does not define how a party's financial interest should be determined," courts "within this Circuit commonly utilize a four-factor test." *In re Bausch & Lomb Inc. Sec. Litig.*, 244 F.R.D. 169, 172 (W.D.N.Y. 2007) (Payson, Mag. J.) (citing *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill 1997) and *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)). Notably, this Court, like many others, "shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant." *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) (Buchwald, J.). Detroit Police and Fire's financial interest substantially exceeds that of the Institutional Investor Group's:

| Movant | Total Shares Purchased | Net Shares Purchased | Net Funds Expended | Losses |
|---|---|---|---|---|
| **Detroit Police and Fire** | **29,500** | **29,000** | **$1,123,947.53** | **$329,217.53** |
| **Institutional Investor Group** | **17,900** | **17,625** | **$742,724.77** | **$266,330.74** |
| Norfolk County Retirement System | 10,500 | 10,500 | $449,219.27 | $164,713.93 |
| City of Pontiac Policeman's and Fireman's Retirement System | 5,100 | 4,850 | $208,255.50 | $77,636.53 |
| City of St. Clair Shores Police and Fire Retirement System | 2,300 | 2,275 | $85,250.00 | $23,980.28 |

In fact, Detroit Police and Fire's estimated losses are roughly *2 times greater* than the losses of the Institutional Investor Group's largest member.[3] In short, Detroit Police and Fire has the "largest financial interest in the relief sought by the class" in this action. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### B. Detroit Police and Fire Are Typical and Adequate Representatives of the Class

In addition to having the largest financial interest, the PSLRA also requires a lead plaintiff applicant to "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Detroit Police and Fire is a large, legally sophisticated entity with prior securities litigation experience effectively representing investors' best interests. Detroit Police and Fire has an established record of vindicating investor rights. Indeed, Detroit Police and Fire is presently serving as Lead Plaintiff in a number of securities class actions. See Declaration of David R. Scott in Support of Notice of Motion and Motion of the Police and Fire Retirement

---

[3] While there are additional *Lax* factors, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, ***period***." *In re Bally Total Fitness Sec. Litig.*, 2005 U.S. Dist. LEXIS 6243, at *14 (N.D. Ill. 2005).

System of the City of Detroit to Consolidate Actions, to be Appointed Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel ("Scott Decl."), Ex. B; *see also In re SiRF Technology Holdings, Inc., Securities Litig.,* No. C-08-0856 MMC, 2008 WL 2220601 (N.D. Cal. May 27, 2008) (finding Detroit Police and Fire the most adequate plaintiff where losses exceeded other movants'). Such service in securities class actions by institutional investors is precisely what Congress envisioned in adopting the PSLRA. In *SiRF,* for example, the Court rejected arguments raised against Detroit Police and Fire's serving as Lead Plaintiff in seven securities class actions, finding that any limitation placed on the number of actions an investor may serve as lead plaintiff was not intended to apply to institutional investors like Detroit Police and Fire. *Id.* at 2008 WL 2220601, at *3. Quoting the Congressional Record, the *Sirf* court found that "'institutional investors . . . do not represent the type of professional plaintiff [the PSLRA] seeks to restrict . . . . The Conference Committee does not intend for [the 'professional plaintiff'] provision to operate at cross purposes with the 'most adequate plaintiff' provision.'" *Id.* citing H.R. Conf. Rep. No. (04-369, at 35); accord *Smith v. Suprema Specialties, Inc.,* 206 F. Supp. 2d 627, 640-41 (D.N.J. 2002) (finding the majority of courts in accord that professional plaintiff provision does not apply to institutional investors); *In re Daimler Chrysler AG Securities Litig.,* 216 F.R.D. 291, 299 (D. Del. 2003) (same); *Casden v. HPL Technologies, Inc.,* 2003 U.S. Dist LEXIS 1960, at *36 (N.D.Cal. Sept. 29, 2003) (appointing institution where its "professional and legal experience in the securities realm makes them an appropriate candidate for lead plaintiff); *In re Critical Path, Inc. Sec. Litig.,* 156 F. Supp. 2d 1102, 1112, (N.D. Cal. 2002) ("institutional investors do not represent the type of professional plaintiff [the PSLRA] seeks to represent"); *In re Gemstar – TV Guide International, Inc. Securities Litig.,* 209 F.RD. 447, 454 (C.D. Cal. 2002) ("The mere fact that Louisiana Pension Fund has acted as lead plaintiff in *seven* cases over the past three years is unremarkable for an institutional investor in the business of managing $10 billion in assets.").

Detroit Police and Fire will adequately represent the Class's best interests here. *See Cendant*, 264 F.3d at 264 (finding that institutional investors "will, more often than not, satisfy the typicality and adequacy requirements"); *Bausch & Lomb*, 244 F.R.D. at 175 ("sophisticated institutional investor . . . appears well-suited to serve as a lead plaintiff in a securities class action"); *Weiss*, 2006 U.S. Dist. LEXIS 3028, at *9-*10 ("Congress sought to 'increase the likelihood that institutional investors' will step forward as the ideal lead plaintiffs in private securities litigation.").

Further, Detroit Police and Fire has chosen counsel who is well-qualified in this particular field. Scott+Scott is an established law firm with extensive experience successfully prosecuting shareholder and investor securities class actions and possesses the resources to efficiently and effectively conduct this litigation. See Scott Decl., Ex. D.

Detroit Police and Fire satisfies all of the PSLRA's requirements and is entitled to the presumption that it is the "most adequate plaintiff."[4] Accordingly, Detroit Police and Fire's motion should be granted.

---

[4] Importantly, while the most adequate plaintiff presumption is rebuttable, it "may be rebutted ***only upon proof***." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 404 (S.D.N.Y. 2004) (Sweet, J.) (rejecting attempt to rebut presumption by "speculation" where movant "provided no proof").

## III. CONCLUSION

For the foregoing reasons, Detroit Police and Fire respectfully requests the Court grant its motion in its entirety.

DATED: August 19, 2008                    SCOTT + SCOTT, LLP

/s/ David R. Scott
_____
DAVID R. SCOTT (DS 8053)
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
P: 860/537-5537
F: 860/537-4432
drscott@scott-scott.com


SCOTT + SCOTT, LLP
BETH KASWAN
29 West 57th Street
New York, NY 10019
Tel: 212/223-6444
Fax: 212/223-6334
Email: bkaswan@scott-scott.com


Proposed Lead Counsel


Attorneys for Police and Fire Retirement System of the City of Detroit

## CERTIFICATE OF SERVICE

I, David R. Scott, hereby certify that a copy of the foregoing was served on all parties on August 19, 2008 via the Court's ECF system.

/s/ David R. Scott