UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re GILDAN ACTIVEWEAR INC. SECURITIES LITIGATION | : : : : : : : : : : | Civil Action No. 1:08-cv-05048-HB <br><br> <u>CLASS ACTION</u> <br><br> MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S JULY 1, 2009 OPINION AND ORDER |
| This Document Relates To: <br><br> ALL ACTIONS. | | |

Pursuant to Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e) and 60(b), Lead Plaintiffs City of St. Clair Shores Police and Fire Retirement System, Norfolk County Retirement System, City of Pontiac Policemen's and Fireman's Retirement Systems, and Plaintiff City of Detroit Policeman's and Fireman's Retirement Systems (collectively, "Plaintiffs") respectfully submit this memorandum of law in support of their motion for reconsideration of the Court's July 1, 2009 Opinion and Order, (cited herein as "Order at __"), which granted the motion to dismiss the Consolidated Amended Class Action Complaint (the "CAC") filed by Defendants Gildan Activewear Inc. ("Gildan" or the "Company"), Glenn J. Chamandy ("Chamandy") and Laurence G. Sellyn ("Sellyn"),[1] and resulted in a Judgment in favor of Defendants being entered on July 2, 2009.

## I.   PRELIMINARY STATEMENT

On July 1, 2009, this Court dismissed Plaintiffs' CAC in its entirety, and directed the Clerk to close the case. The Court held, *inter alia*, that Plaintiffs had failed to establish scienter through allegations of recklessness and that Plaintiffs' allegations of motive did not give rise to a strong inference of scienter. *See* Order at *18-*25. The Court further held that Plaintiffs had not alleged material misrepresentations. *See* Order at *31.

Although Plaintiffs – both in their memorandum in opposition to Defendants' motion to dismiss and during oral argument – requested leave to amend the CAC if the Court deemed it insufficient in any way, the Order did not address that request and, instead, directed the Clerk of the Court to close the case. While it is unclear to Plaintiffs whether this dismissal was intended to be with prejudice or without prejudice, it is respectfully submitted that if it was intended to be with prejudice, then such dismissal was improper and should be reconsidered in order to prevent manifest

---

[1]   Capitalized terms and abbreviations used herein are as defined in Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss, filed on January 20, 2009 ("Opp. at ____").

injustice to Plaintiffs. Indeed, as a result of their ongoing investigation, Plaintiffs believe that they can adequately respond to all of the Court's concerns about the perceived shortcomings with Plaintiffs' allegations.

Accordingly, in the interests of justice, Plaintiffs respectfully request that, to the extent that the dismissal was intended to be with prejudice, the Court reconsider the Order and modify the dismissal so that it is ***without*** prejudice and grant Plaintiffs an opportunity to correct the deficiencies identified by the Court in the Order. If the dismissal was not intended to be with prejudice, then Plaintiffs respectfully request that the Court issue a schedule for the filing of a Second Consolidated Amended Complaint and any responses thereto.

## II.  ARGUMENT

### A.  The Applicable Legal Standards on a Motion for Reconsideration

A court may reconsider a prior ruling on the following grounds: "(1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or to prevent manifest injustice." *Excess Ins. Co. v. Odyssey Am. Reinsurance Corp.*, No. 05 Civ. 10884 (NRB), 2008 U.S. Dist. LEXIS 30585, at *2 (S.D.N.Y. Mar. 26, 2008) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also* Fed. R. Civ. P. Rules 59 & 60.[2] The decision to grant or deny a motion for reconsideration is discretionary. *See Devlin v. Transp. Commc'ns. Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999); *Bonnie & Co. Fashions v. Bankers Trust Co.*, 955 F. Supp. 203, 209 (S.D.N.Y. 1997) (noting that a court has the discretion "to reconsider an issue if the court deems such reconsideration appropriate").[3]

---

[2]   The local rule of this Court, S.D.N.Y. Local Rule 6.3, is considered the equivalent of Fed. R. Civ. P. Rule 59(e). *See Tran v. Tran*, 166 F. Supp. 2d 793, 797 n.6 (S.D.N.Y. 2001).

[3]   Citations are omitted and emphasis is added, unless otherwise noted.

Reconsideration of dismissal with prejudice is warranted here so that Plaintiffs can be given the opportunity to amend the CAC to address the deficiencies identified by the Court and to plead additional facts that Plaintiffs have discovered through their continuing investigation.

**B.     Plaintiffs Should Be Given the Opportunity to Amend the CAC**

The Court should afford Plaintiffs the opportunity to amend the CAC in order to address the deficiencies identified by the Court in the Order, in accordance with Fed. R. Civ. P. 15(a) ("leave shall be freely given when justice so requires"). *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead."). The Second Circuit has long held that plaintiffs whose complaints are dismissed should typically be given an opportunity to amend their complaint. *See Blakely v. Wells*, 209 Fed. Appx. 18 (2d Cir. 2006) (vacating judgment that did not allow plaintiff to file a third amended complaint); *Olsen v. Pratt & Whitney Aircraft*, 136 F.3d 273, 276 (2d Cir. 1998); *Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir. 1986).[4]

In securities cases in particular, the Second Circuit encourages district courts to allow at least one opportunity to amend following guidance from the court, *see ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007),[5] and has "frequently held that requests for leave to amend under such circumstances should be 'freely given.'" *City of Pontiac Gen. Emples. Ret. Sys. v. MBIA, Inc.*, 300 Fed. Appx. 33, 34 (2d Cir. 2008) (finding that leave to amend was appropriate

---

[4]     Further, seeking leave to replead by means of a request in a brief in opposition to a motion to dismiss is appropriate. *See McLaughlin v. Anderson*, 962 F.2d 187, 195 (2d Cir. 1992) ("[L]ack of a formal motion is not [a] sufficient ground for a district court's dismissal without leave to amend, so long as the plaintiff has made its willingness to amend clear.").

[5]     In *ASTI*, plaintiffs had *five* opportunities to address the substantive guidance provided by the court. 493 F.3d at 108. Here, Plaintiffs have been denied even one chance to amend.

where "[a]ppellants had not previously been given leave to amend and requested such an opportunity in their [r]eply"); *see also ATO RAM II, Ltd. v. SMC Multimedia Corp.*, No. 03 Civ. 5569 (HB), 2004 U.S. Dist. LEXIS 5810, at *21-*22 (S.D.N.Y. Apr. 7, 2004) (granting "leave to replead [where] plaintiff has failed to adequately allege scienter," and stating that "where plaintiff has not already attempted to correct a particularity deficiency, and when discovery has not yet ensued, courts typically grant leave to amend"). There is a reason for that: "In this technical and demanding corner of the law, the drafting of a cognizable complaint can be a matter of trial and error." *Eminence Capital, LLC v. Aspeon*, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Indeed, "outright refusal to grant . . . leave [to amend] **without any justifying reason** appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Where, as here, plaintiffs specifically request leave to amend in the event that the court is inclined to dismiss on Rule 9(b) grounds, the failure to grant leave to amend is an abuse of discretion **unless the plaintiff has acted in bad faith or the amendment would be futile**." *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 191 (2d Cir. 2001); *see also Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198-99 (2d Cir. 1990) (district court "abused its discretion in dismissing the complaint without leave to amend" where plaintiff "offered to amend his pleading to correct any perceived deficiencies with respect to his claims under the federal securities laws . . .[,] had not previously been given leave to amend," and the court could not determine based on the record that amendment was futile).

Here, Plaintiffs have not yet had an opportunity to amend the CAC in response to the concerns expressed by the Court, and, in the interests of justice, should be given that chance. Plaintiffs requested leave to amend in their memorandum of law filed in opposition to Defendants' motion to dismiss, *see* Opp. at 35 n.23 ("in the event the Court determines the CAC is deficient in

- 4 -

any respect, Plaintiffs respectfully request an opportunity to seek leave to replead"), and reiterated their desire to amend, if necessary, at oral argument.  *See* Transcript of May 19, 2009 Oral Argument, attached hereto as Exhibit A, at 31:7-17.  Significantly, Defendants have not argued that Plaintiffs' request for leave to amend was made in bad faith, and the Order found neither bad faith nor futility.  Under these circumstances, denial of leave to amend would be an abuse of discretion.  *See Ronzani*, 899 F.2d at 198-99.

Leave to amend is also appropriate here because Plaintiffs believe that they now have additional support for their allegations that directly address the deficiencies identified by the Court.  In particular, Plaintiffs have spoken with a number of confidential witnesses and obtained additional facts to support their claims regarding the problems at the DR facility and the KDH integration.  Accordingly, since Plaintiffs have discovered additional evidence of the very type that the Court initially found lacking, denial of even one chance to amend would be manifestly unjust.  As such, the Court should reconsider its Order dismissing the CAC with prejudice, and afford Plaintiffs an opportunity to amend.

### III.   CONCLUSION

For the foregoing reasons, to the extent the Court's Order was a dismissal with prejudice, Plaintiffs respectfully request that the Court reconsider the Order and permit Plaintiffs the opportunity to amend the CAC.

DATED:  July 17, 2009               COUGHLIN STOIA GELLER
                                      RUDMAN & ROBBINS LLP
                                    SAMUEL H. RUDMAN
                                    DAVID A. ROSENFELD
                                    CAROLINA TORRES
                                    ERIN W. BOARDMAN


                                            */s/ David A. Rosenfeld*
                                    ─────────────────────────────
                                           DAVID A. ROSENFELD

- 5 -

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

LABATON SUCHAROW LLP
CHRISTOPHER J. KELLER
JONATHAN GARDNER
BRIAN PENNY
140 Broadway, 34th Floor
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)

Co-Lead Counsel for Plaintiffs

SULLIVAN, WARD, ASHER & PATTON, P.C.
CYNTHIA J. BILLINGS
25800 Northwestern Highway
1000 Maccabees Center
Southfield, MI 48075-1000
Telephone: 248/746-0700
248/746-2760 (fax)

VANOVERBEKE MICHAUD & TIMMONY, P.C.
MICHAEL J. VANOVERBEKE
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

SCOTT + SCOTT
DAVID R. SCOTT
ERIN GREEN COMITE
108 Norwich Avenue
Colchester, CT 06415
Telephone: 860/537-3818
860/537-4432 (fax)

Additional Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I, David A. Rosenfeld, hereby certify that on July 17, 2009, I caused a true and correct copy of the attached:

Notice of Motion for Reconsideration of the Court's July 1, 2009 Opinion and Order; and

Memorandum of Law in Support of Plaintiffs' Motion for Reconsideration of the Court's July 1, 2009 Opinion and Order

to be served electronically on all counsel registered for electronic service for this case.



/s/ David A. Rosenfeld
David A. Rosenfeld