UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                                        :
In re GILDAN ACTIVEWEAR, INC.                                           :
SECURITIES LITIGATION                                                   :
                                                                        :   08 Civ. 5048 (HB)
------------------------------------------------------------------------x
                                                                        :
This Document Relates To:                                               :   OPINION & ORDER
ALL ACTIONS                                                             :
                                                                        :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., United States District Judge:**

       Plaintiffs, purchasers of the common stock of Gildan Activewear, Inc. ("Gildan" or the "Company") brought this case on behalf of themselves and all others similarly situated against Gildan and two of its officers and directors (collectively, "Defendants"), alleging violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934. Defendants moved to dismiss the Consolidated Amended Class Action Complaint (the "Complaint") pursuant to the Private Securities Litigation Reform Act ("PSLRA") and Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. On July 1, 2009, this Court issued an Opinion and Order granting Defendants' motion and dismissing the case in its entirety. *See In re Gildan Activewear, Inc. Sec. Litig.*, 636 F. Supp. 2d 261 (S.D.N.Y. 2009). Plaintiffs have now moved for reconsideration of the July 1, 2009 Opinion, pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3, solely to the extent that it dismissed the Complaint with prejudice.[1] For the reasons set forth below, Plaintiffs' motion is denied.

**I. BACKGROUND**

       The facts underlying this case were discussed at considerable length in the July 1, 2009 Opinion, and familiarity is presumed. *See In re Gildan*, 636 F. Supp. 2d at 265-68. However, a brief review of the procedural history of this case is necessary to put Plaintiffs' motion in context and to demonstrate Plaintiffs' previous opportunities to amend their complaint, as they implicitly seek leave to do by means of their instant motion.

---

[1] Plaintiffs have not, however, explicitly moved for leave to amend the Complaint pursuant to Rule 15(a). Rather, they seek to vacate the judgment that was entered in connection with the July 1, 2009 Opinion and then, once the case is reinstated as an open matter on my docket, they plan to make their Rule 15(a) motion. Nevertheless, it is plain that the basic intent of the instant motion for reconsideration is to permit Plaintiffs to amend their Complaint to remedy the deficiencies that were identified in the July 1, 2009 Opinion, and in making their motion for reconsideration, the overwhelming majority of cases on which Plaintiffs rely are cases addressing the standard on granting leave to amend.

First, it is significant to note that the Complaint that was the subject of the July 1, 2009 Opinion was a Consolidated Amended Class Action Complaint that was filed pursuant to this Court's September 16, 2008 order consolidating three separately filed but related cases. On October 2, 2008, the Court entered a further order permitting Plaintiffs in the consolidated action to file an amended complaint within thirty days. On November 17, 2008, Plaintiffs filed the 56-page, 165-paragraph Complaint.[2]

Plaintiffs' second opportunity to amend the Complaint was afforded to them when Defendants filed their motion to dismiss on December 19, 2008. Pursuant to this Court's individual practices, upon service of a motion to dismiss, every plaintiff has the opportunity to amend the complaint as of right. Thus, each plaintiff has the opportunity, having had the benefit of learning from the motion to dismiss what the potential deficiencies of the complaint might be, and to attempt to cure those deficiencies in an amended complaint. However, the rules make explicit that this will be the plaintiff's one and only opportunity to amend, and that if the plaintiff's choice is to fight the motion to dismiss and not amend the complaint, if the motion is granted, it will be with prejudice. Here, Plaintiffs could have responded to the motion by filing an amended complaint, but chose not to do so. Instead, Plaintiffs chose to fight the motion to dismiss, and in footnote 23 on page 35 of their opposition to the motion, simply noted that "[a]lthough Plaintiffs believe that they have more than adequately stated claims against all Defendants, in the event the Court determines the [Complaint] is deficient in any respect, Plaintiffs respectfully request an opportunity to seek leave to replead in accordance with Fed. R. Civ. P. 15(a)." Acknowledging this request, and the general principal that leave to amend is often granted on a motion to dismiss a securities fraud claim, the Court at oral argument asked Plaintiffs' counsel how they might amend their allegations if given the opportunity to replead, to which counsel responded that "it depends on what your Honor was concerned about." *See* Transcript of May 19, 2009 Oral Argument ("Tr.") at 31:12-16.

Given Plaintiffs' decision to rely on their Complaint, this Court, after review of the papers and oral argument, concluded that the proper decision was to grant the motion. I concluded that Plaintiffs' allegations had failed to raise a strong inference of scienter and that Plaintiffs had failed to allege any material misrepresentations or omissions, both of which are required elements under the PSLRA. As noted, Plaintiffs do not seek reconsideration of any of the substantive elements of

---

[2] The initial complaints in each of the consolidated actions were significantly shorter – approximately 20 pages each – and were substantively different from the Consolidated Amended Class Action Complaint that was ultimately filed.

2

the July 1, 2009 Opinion. Rather, Plaintiffs seek reconsideration only to the extent the Complaint was dismissed with prejudice and to the extent the Court implicitly denied leave to replead.

## II. LEGAL STANDARD

The standards governing motions to alter or amend a judgment under Rule 59(e) and motions for reconsideration or reargument under Local Rule 6.3 are identical. *See Henderson v. Metropolitan Bank & Trust Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007). The Second Circuit has instructed that the standard on a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might be expected to alter the conclusion reached by the court." *Schrader*, 70 F.3d at 257.[3]

Further, relief under Rule 60(b) is limited, and a court may only vacate or modify an order for reasons enumerated in the rule: mistake, inadvertence, surprise or excusable neglect; newly discovered evidence; fraud, misrepresentation or other misconduct; judgment is void; judgment is satisfied, released or discharged; or any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b); *see also Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004) (requiring that Rule 60(b) motions be "predicated on one of five narrow and specific grounds or on a sixth ground, which, despite its open wording, has been narrowly cabined by the precedent of this [Circuit]"); *see also Miller v. Norton*, 04-CV-3223 (CBA), 2008 U.S. Dist. LEXIS 34688, at *3-4 (E.D.N.Y. Apr. 28, 2008). Thus, it is well-settled that Rule 60(b)(6) relief is granted only in cases involving "extraordinary circumstances, or extreme hardship." *Harris*, 367 F.3d at 81 (internal quotation marks and citation omitted); *see also Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (finding "final judgments should not be lightly reopened"). The burden of proof on a Rule 60(b) motion is on the party seeking relief from the earlier judgment or order – in this case, Plaintiffs. *United States v. International Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) (citations omitted).

These standards on motions for reconsideration apply "in full force to a motion for reconsideration of a denial of leave to replead." *In re Refco Capital Markets, Ltd. Brokerage*

---

[3] "A motion for reconsideration is not an opportunity for the moving party 'to argue those issues already considered when a party does not like the way the original motion was resolved,'" *Lichtenberg v. Besicorp Group Inc.*, 28 Fed. Appx. 73 (2d Cir. 2002) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)), nor is it an opportunity for the moving party to "advance new facts, issues or arguments not previously presented to the Court," *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991) (citation omitted). "The difficult burden imposed on the moving party has been established 'in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.'" *Perez v. United States*, 378 F. Supp. 2d 150, 154 (E.D.N.Y. 2005) (quoting *Ruiz v. Commissioner of Dep't of Transp.*, 687 F. Supp. 888, 890 (S.D.N.Y.), *aff'd*, 858 F.2d 898 (2d Cir. 1988)).

*Customer Sec. Litig.*, Nos. 06 Civ. 643 (GEL), 07 Civ. 8686 (GEL), 07 Civ. 8688 (GEL), 2008 WL 4962985, at *2 (S.D.N.Y. Nov. 20, 2008); *see also National Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 244 (2d Cir. 1991) ("[O]nce judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)."). The decision whether to grant a motion for reconsideration under Local Rule 6.3 and Federal Rule 59(e) or a motion under Rule 60(b) lies in the sound discretion of the district court. *E.g.*, *Bennett v. Watson Wyatt & Co.*, 156 F. Supp. 2d 270, 272-73 (S.D.N.Y. 2001).

### III.  DISCUSSION

Plaintiffs' instant motion is premised on their argument that reconsideration of the Court's dismissal with prejudice is warranted so that Plaintiffs can be given the opportunity to amend their Complaint to address the deficiencies the Court identified in the July 1, 2009 Opinion and to plead additional facts that Plaintiffs have discovered through their continuing investigation. More specifically, Plaintiffs' argument on reconsideration is premised on their assertions that (1) the Court overlooked Plaintiffs' previous request for leave to replead and (2) Plaintiffs have not yet had an opportunity to amend their Complaint. On both grounds, Plaintiffs are wrong.

The Court is, of course, well aware of the longstanding principle that in general, leave to amend should be freely granted upon dismissal of a complaint. *See, e.g.*, *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990); *see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007) ("District courts typically grant plaintiffs at least one opportunity to plead fraud with greater specificity when they dismiss under Rule 9(b)."); Fed. R. Civ. P. 15(a) ("[L]eave to amend shall be freely given when justice so requires."). However, the Second Circuit has recently acknowledged that "[i]t would be a mistake . . . to construe *Ronzani* as establishing a broad rule to the effect that, in the case of a counseled plaintiff, abuse of discretion will be found and the case remanded whenever a district court fails to provide for repleading." *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006). Moreover, "while Rule 15 plainly embodies a liberal amendment policy, in the post-judgment setting we must also take into consideration the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) (quoting *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 698-99 (6th Cir. 2004)); *see also National Petrochemical*, 930 F.2d at 245. Indeed, the Second Circuit has found that "[w]hen the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment

4

before requesting leave, a court may exercise its discretion more exactingly." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 192 (2d Cir. 2008) (quoting *State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, (2d Cir. 1990)).

In considering Plaintiffs' instant motion for reconsideration, two recent district court cases in this Circuit are particularly instructive. First, in *In re Crude Oil Commodity Litigation*, No. 06 Civ. 6677 (NRB), 2007 WL 2589482 (S.D.N.Y. Sept. 7, 2007), a case that is virtually indistinguishable on the facts, Judge Buchwald denied a motion for reconsideration of a motion to dismiss to the extent it denied leave to replead. *See id.* at *1-4. In that case, Plaintiffs had had three separate opportunities to amend their complaint: upon consolidation, upon receipt of defendants' letter of intent to file a motion to dismiss, and upon service of defendants' motion. *Id.* at *1-2. Moreover, plaintiffs in *In re Crude Oil*, like Plaintiffs here, had made their "purported request for leave to amend" wholly in a footnote in their opposition to the motion to dismiss. *Id.* at *2-3. In these circumstances, the court denied reconsideration where it found that plaintiffs had failed to request leave to amend in a procedurally sound manner, that it had not overlooked any controlling authority in denying such leave, and the result was "particularly apt here given the procedural history of this case, which provided plaintiffs with numerous opportunities to amend as well as full notice of the deficiencies in their Consolidated Amended Complaint." *Id.* at *3-4.

Similarly, *In re Star Gas Securities Litigation*, 241 F.R.D. 428 (D. Conn. 2007), the court denied a motion for reconsideration of dismissal without leave to amend, finding that the plaintiffs had demonstrated no valid basis on which to grant the motion. *Id.* at 431. Specifically, the court held that the plaintiffs had presented no new law or matters overlooked in its initial dismissal of the action, nor any new evidence that entitled them to relief from judgment. *Id.* Further, the court noted that plaintiffs had had the opportunity to amend their pleading after having been given notice of the defects of their complaint during a pre-motion conference with the Court. *Id.* at 432. Finally, the court acknowledged that although the plaintiffs had requested the opportunity to amend in their opposition to the motion to dismiss, they did not actually move to amend, propose any specific amendments or offer any indication of how any contemplated amendments might cure the alleged deficiencies. *Id.* Accordingly, "even taking into account the liberal policy of Rule 15(a), . . . the Court [denied] plaintiffs' motion." *Id.* at 433. The Second Circuit recently affirmed, finding that "even assuming *arguendo* the applicability of the liberal Rule 15(a) standard," there was no abuse of discretion in denying leave to amend where "[t]he district court gave plaintiffs-appellants the opportunity to amend the Complaint after a pre-motion telephone

conference where the defendants described their arguments in favor of dismissal [and] [p]laintiffs-appellants declined to do so . . . [and] [a]lthough plaintiffs-appellants informally requested leave to amend in their motion papers, they did not submit proposed amendments or otherwise indicate how they would correct any deficiencies in the Complaint." *Rosner v. Star Gas Partners, L.P.*, No. 07-1687-cv, 2009 U.S. App. LEXIS 18817, at *5-6 (2d Cir. Aug. 20, 2009).

Here, the Court acknowledges that it did not expressly address Plaintiffs' request for leave to replead, which was made only in a footnote in their brief in opposition to the motion to dismiss. It is this request that Plaintiffs contend the Court "overlooked" and which forms the basis of their motion for reconsideration. However, the law in this Circuit is abundantly clear that "[i]t is within the court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss." *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006).[4]

Moreover, Plaintiffs have presented no convincing basis for reconsideration of the implicit denial of leave to amend in this case, in particular where they had at least two opportunities to amend their complaint. First, as delineated above, Plaintiffs actually did make a substantive amendment to their allegations against the Defendants when they filed their current version of the Complaint. *See Bellikoff*, 481 F.3d at 118 (finding that filing of amended complaint upon consolidation constitutes amendment for purposes of Rule 15(a) analysis); *In re Crude Oil*, 2007 WL 2589482, at *1 (same). Second, pursuant to the individual practices of this Court, Plaintiffs were afforded a further opportunity to amend their pleading after having had the opportunity to digest Defendants' arguments in favor of dismissal.

To the extent Plaintiffs argue that they should have yet another bite at the apple after having had the additional benefit of the Court's explication of the shortcomings of the complaint, such a position must be rejected, as it is by now well-established that plaintiffs are "not entitled to an advisory opinion from the Court informing them of the deficiencies in the complaint and then

---

[4] Plaintiffs direct the Court to the Second Circuit's admonition that "the lack of a formal motion [for leave to amend] is not sufficient ground for a district court's dismissal without leave to amend, so long as the plaintiff has made its willingness to amend clear." *McLaughlin v. Anderson*, 962 F.2d 187, 195 (2d Cir. 1992). However, Plaintiffs fail to acknowledge that the Second Circuit in *McLaughlin* went on to find that in a situation where the request for leave to amend is made informally, "the matter is reserved to the discretion of the district court." *Id.* Indeed, in *McLaughlin*, the plaintiffs had already had one opportunity to amend their pleadings and thus the Second Circuit found no abuse of discretion. *Id.* Likewise, here, the Court's implicit denial of leave to amend was not premised solely on the fact that the request was made in a footnote, but rather because Plaintiffs had had ample opportunity to amend. *See In re Merrill Lynch Ltd. P'ships Litig.*, 7 F. Supp. 2d 256, 276 (S.D.N.Y. 1997), *aff'd*, 154 F.3d 56 (2d Cir. 1998). Nonetheless, it is worth noting that it is by now well-established that a court need not address an argument made wholly in a footnote to a brief. *See In re Worldcom, Inc. Sec. Litig.*, 308 F. Supp. 2d 214, 231 n.24 (S.D.N.Y. 2004).

an opportunity to cure those deficiencies." *Bellikoff*, 481 F.3d at 118; *Ritchie Capital Mgmt., L.L.C. v. Coventry First LLC*, 07 Civ. 3494 (DLC), 2008 U.S. Dist. LEXIS 15689, at *8 (S.D.N.Y. Feb. 29, 2008); *see also In re Merrill Lynch & Co., Inc.*, 273 F. Supp. 2d 351, (S.D.N.Y. 2003) (noting Second Circuit's finding that it was "certainly within the district court's discretion to deny plaintiff leave to file a second amended complaint, where one basis for denial of leave to amend was the bad faith of appellant in waiting to see how he would fare on the prior motion to dismiss") (quoting *Vine v. Beneficial Fin. Co.*, 374 F.2d 627, 636-37 (2d Cir. 1967)).[5] Here, when I inquired at oral argument, Plaintiffs gave no indication of how they intended to amend the Complaint, except that they would want to see what the Court would identify as its concerns and be guided accordingly. *See* Tr. at 31:12-16. This will not do.

Furthermore, it is worth noting that Plaintiffs have given no indication of the facts that they believe may amplify the allegations of their complaint or otherwise address the deficiencies the Court identified in its July 1, 2009 Opinion. All the Court has been told is that "Plaintiffs believe that they now have additional support for their allegations." Thus, even if the Court were to vacate the judgment in this case to allow Plaintiffs to make their motion for leave to amend, it seems likely from the record that such a motion would be doomed to failure. Plaintiffs having shown no other reason why reconsideration or vacatur of the judgment is appropriate, their motion must be denied.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED.

**IT IS SO ORDERED.**
New York, New York
December 4, 2009

_____
U.S.D.J.

---

[5] As then-district Judge Lynch aptly noted:

> [w]hile pleading is not a game of skill in which one misstep may be decisive to the outcome, neither is it an interactive game in which the plaintiffs file a complaint, and then bat it back and forth with the Court over a rhetorical net until a viable complaint emerges. It is the plaintiffs' responsibility to plead their case adequately, and a court may deny a plaintiff leave to replead when that party has – as here – been given ample prior opportunity to allege a claim.

*In re Refco*, 2008 WL 4962985 at *2 (citations and internal quotation marks omitted).